# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| CHARLOTTE POWERS-SUTHERLAND, | ) | |
| Plaintiff, | ) | Case No. 1:16CV00006 |
| v. | ) | **OPINION AND ORDER** |
| WAL-MART STORES, INC., t/a SAM'S CLUB, ET AL., | ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*Dan Bieger, Dan Bieger, PLC, Bristol, Tennessee, and David J. Hutton, Hutton & Associates, P.C., Abingdon, Virginia, for Plaintiff; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

In this diversity action, the plaintiff seeks recovery for injuries she sustained when she slipped and fell on premises of a retail store. The plaintiff contends that the store owner was negligent by failing to keep premises free from dangerous conditions of which it knew or should have known. Based on the undisputed facts, I will grant the defendants' Motion for Summary Judgment.

I.

The essential facts, taken from the summary judgment record and recited in the light most favorable to the nonmovant, are as follows.

On April 14, 2013, the plaintiff, Charlotte Powers-Sutherland, was shopping at the Sam's Club store in Bristol, Virginia, which is allegedly owned and operated

by the defendant Sam's East, Inc. ("Sam's").[1] While walking down one of the aisles, the plaintiff slipped on a substance on the floor near the frozen food cases that "looked like snot or jelly from something you eat" and fell. (Grant Aff. 2, ECF No. 19-1.) A store employee assisted the plaintiff, but the plaintiff indicated that she did not need emergency medical treatment and left the store on her own after shopping for approximately twenty minutes. The plaintiff denies seeing the substance on the floor prior to falling.

At the time of the fall, no employees were in the area of the spilled substance and were not aware of the substance being on the floor prior to the plaintiff's fall. The store first learned of the substance as a result of the plaintiff's fall. A manager on duty at the time of the incident prepared a report from information obtained by the plaintiff. While the store had surveillance cameras, there is no video of the plaintiff's fall.

Following discovery, Sam's has moved for summary judgment in its favor. Sam's argues that, pursuant to Virginia law, summary judgment is appropriate

---

[1] The plaintiff sued four defendants: Wal-Mart Stores, Inc., t/a Sam's Club; Sam's East, Inc., t/a Sam's Club #6518; Sam's West, Inc., t/a Sam's Club; and Sam's Real Estate Business Trust. (Compl. 1, ECF No. 9, at p. 33.) The defendants aver in their joint Answer that the only proper defendant is Sam's East, Inc., which operates the store in question. (Answer ¶ 2, ECF No. 6.) The plaintiff does not contest this fact and in any event, it makes no difference, since I find that whichever of the defendants operated the store, no liability accrues.

because it had no knowledge or notice of the substance on the floor. The motion is ripe for decision, having been fully briefed by the parties.[2]

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994).

Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party "need not produce evidence, but simply can argue that there is an absence of evidence by

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

which the nonmovant can prove his case." *Cray Commc'ns, Inc. v. Novatel Comput. Sys., Inc.,* 33 F.3d 390, 393 (4th Cir. 1994) (internal quotation marks and citations omitted). Summary judgment is not "a disfavored procedural shortcut," but rather is a valuable mechanism for excluding "claims and defenses [that] have no factual basis." *Celotex,* 477 U.S. at 327. It is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotations marks and citations omitted).

III.

Virginia substantive law governs this diversity action. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938). In Virginia, the law applicable to slip-and-fall cases is well settled. *See Winn-Dixie Stores, Inc. v. Parker,* 396 S.E.2d 649, 650 (Va. 1990). A land owner "must use ordinary care to keep his premises reasonably safe for an invitee, although he is not an insurer of the invitee's safety." *Tate v. Rice,* 315 S.E.2d 385, 388 (Va. 1984). In the absence of any evidence tending to show that a landowner knew, or should have known by exercise of reasonable diligence, of the defect or unsafe condition, the landowner will not be liable for injuries caused by some defect or unsafe condition in the premises. *See Roll 'R' Way Rinks, Inc. v. Smith,* 237 S.E.2d 157, 161 (Va. 1977).

Case 1:16-cv-00006-JPJ-PMS   Document 21   Filed 12/13/16   Page 4 of 7   Pageid#: 119

Sam's argues that summary judgment is appropriate because it had no knowledge of any defect or hazardous condition, which in this case was the substance on the floor. In the absence of evidence showing that some affirmative conduct of the defendant caused the condition, the plaintiff must show that the defendant had actual or constructive knowledge of the condition. *Ashby v. Faison & Assocs., Inc.,* 440 S.E.2d 603, 605 (Va. 1994).

"In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence." *Grim v. Rahe, Inc.,* 434 S.E.2d 888, 889 (Va. 1993). The applicable standard is whether the defendant "knew or should have known, of the presence of the [defect] that caused [the plaintiff's] fall and failed to remove it within a reasonable time or to warn of its presence." *Ashby,* 440 S.E.2d at 605.

Here, the plaintiff has produced no evidence that Sam's had actual knowledge or notice of the spilled substance on the floor. No employees were in the area of the spill at the time of the incident. Indeed, Sam's first learned about the substance as a result of the plaintiff's fall and was not aware of it prior to the incident. Therefore, the remaining issue is whether the defendant had constructive knowledge of the spilled substance prior to the plaintiff's fall.

Constructive knowledge of a defect or dangerous condition on the premises may be established by evidence that the condition "was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim,* 434 S.E.2d at 890. Here, the plaintiff has produced no evidence as to when or how long the substance had been on the floor. Without any such evidence, the plaintiff's claim must fail. *Id; see also Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 454 (4th Cir. 2004).

In the present case, the plaintiff did not see the substance prior to falling and does not know whether the substance was there at the time of her arrival. Indeed, the plaintiff simply concludes that "Sam's Club should have known of the condition and taken steps to remove it or to warn others of its presence" because the condition was noticeable to the plaintiff's friend after the fall, and Sam's "has employees that are constantly traveling the aisles of the store checking inventory and stocking shelves." (Pl.'s Opp'n Mot. Summ. J. 3, ECF No. 19.) Therefore, it is impossible to draw any positive inferences about when the substance first appeared on the floor or how much time had passed to allow the defendant an opportunity to discover it. Thus, the plaintiff is unable to prove that the condition existed for a sufficient time to charge Sam's with constructive notice of it, and a jury could only reach such a conclusion "as the result of surmise, speculation and conjecture." *Colonial Stores, Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962).

Accordingly, the plaintiff has failed to prove the prima facie element of notice, and I find that summary judgment must be awarded in favor of Sam's.

IV.

It is therefore **ORDERED** that the defendants' Motion for Summary Judgment (ECF No. 15) is GRANTED. A separate final judgment will be entered herewith.

ENTER: December 13, 2016

/s/ James P. Jones
United States District Judge